UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

LAWRENCE GLADSTONE,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD.,
d/b/a NORWEGIAN CRUISE LINES,
a Bermuda corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LAWRENCE GLADSTONE, a Florida citizen and resident, sues Defendant, NCL (BAHAMAS) LTD., a Bermuda corporation doing business as NORWEGIAN CRUISE LINES and with its principal place of business in Florida (NCL), and alleges:

## JURISDICTION, VENUE AND PARTIES

1.    This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2.    Plaintiff LAWRENCE GLADSTONE is sui juris and at all material times has been a citizen and resident of the state of Florida.

3.    Defendant NCL (BAHAMAS) LTD. ("NCL" or "NORWEGIAN") is a Bermuda corporation with its principal place of business in Miami, Miami-Dade County, Florida. At all material times Defendant NCL has done business under the fictitious name "NORWEGIAN

*Lawrence Gladstone v. Norwegian Cruise Line*
*Case No.*

CRUISE LINES." For federal jurisdictional purposes, NCL is a citizen both of its jurisdiction of incorporation, Bermuda, and the state of its principal place of business, Florida.

4. Subject matter jurisdiction exists based on admiralty pursuant to Gladstone The events and injuries leading to the cause of action occurred on navigable waters and arose out of traditional maritime activity, the operation of a passenger cruise vessel.

5. At all material times, NORWEGIAN has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, through having its principal place of business there, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all material times, NORWEGIAN has engaged in business in this district, so venue is proper in this Court.

7. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

8. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

9. Venue is also proper in this district because the Defendant's principal places of business are located within this district.

*Lawrence Gladstone v. Norwegian Cruise Line*
*Case No.*

10. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported his injury to the ship's crew shortly after it occurred. In addition, the Plaintiff through counsel sent NORWEGIAN on November 10, 2021, within six (6) months of the injury, a letter as a written notice of claim, a copy of which is attached as Exhibit "1" to this Complaint.

**LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS**

11. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the NORWEGIAN "GEM."

12. At all material times, including the accident date of September 15, 2021, the Plaintiff was a fare paying passenger aboard the NORWEGIAN "GEM" and in that capacity was lawfully present aboard the vessel.

13. On September 15, 2021, the Plaintiff, while in his stateroom, attempted to use his stateroom shower on a cold-water setting. The shower, however, produced only scalding hot water, including the water from the faucet designated as a cold-water faucet that the Plaintiff was attempting to use. As a result, while the Plaintiff reasonably anticipated that the water coming from the cold-water faucet in the shower he was using would be cold or at least at room temperature, it in fact was scalding hot, causing him to sustain second degree burns on his legs.

14. The dangerous condition of the stateroom shower was that scalding hot water came from the faucet designated for cold water. This condition was not obvious to Plaintiff, since the faucet he was attempting to use was labeled and designated as a cold-water faucet.

*Lawrence Gladstone v. Norwegian Cruise Line*
*Case No.*

15. As a direct and proximate result of being scalded with burning hot water, the Plaintiff was injured in and about his body and extremities, including his lower legs, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability and the inability to lead a normal life, as well as the aggravation or activation of pre-existing medical conditions. Furthermore, he incurred past and future medical, hospital, and other out of pocket and health care expenses as a result of his injuries; the future medical, hospital and health care expenses being reasonably certain to occur and sustained a loss of earnings and earning capacity. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## **COUNT I – NEGLIGENT MAINTENANCE (VICARIOUS LIABILITY)**

16. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-15 above.

17. At all material times, Defendant NORWEGIAN was vicariously liable for the negligent acts or omissions of its crewmembers while acting in furtherance of the business of the vessel NORWEGIAN GEM.

18. At all material times, the maintenance and upkeep of staterooms on the GEM, including the stateroom showers, was part of the business of the vessel, so that all negligent acts or omissions of maintenance crew in connection with the maintenance of the vessel were undertaken in furtherance of the business of the vessel and were acts or omissions for which Defendant NORWEGIAN was vicariously liable.

*Lawrence Gladstone v. Norwegian Cruise Line*
*Case No.*

19. At all material times, the crewmembers responsible for stateroom maintenance on the GEM owed passengers using those staterooms, including the Plaintiff, a duty of reasonable care, including a duty to take reasonable steps to provide for safe operation and maintenance of the stateroom restrooms including the showers and to correct all dangerous conditions of the showers.

20. At all material times the maintenance personnel maintaining the vessel and staterooms' restrooms, specifically the water coming from shower spouts, failed to assure the safety of the patrons aboard the vessel, in furtherance of business of the vessel, so that NORWEGIAN at all material times was vicariously liable for damages caused by the maintenance personnel's negligence in failing to assure that the water temperatures were adequate for the use by its patrons.

21. At all material times the NORWEGIAN crewmembers and/or maintenance personnel responsible for maintaining the Plaintiff's stateroom were negligent in the following respects:

    a. The maintenance personnel failed to keep adequate water temperatures;

    b. The maintenance personnel failed to warn their patrons of the scalding hot water prior to their usage;

    c. The maintenance personnel failed to monitor to assure the safety of their patrons in keeping water temperatures in the staterooms adequately under control; and

*Lawrence Gladstone v. Norwegian Cruise Line*
*Case No.*

        d.    The maintenance personnel failed to take adequate measures to keep the water temperatures within normal limits for the patron's use.

22.    As a direct and proximate result of the negligence of the crewmember/maintenance personnel, in assuring adequate water temperature as alleged above, for which Defendant NORWEGIAN is vicariously liable as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT II– NEGLIGENT FAILURE TO WARN (VICARIOUS LIABILITY)

23.    The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-15 above.

24.    At all material times, the maintenance and upkeep of staterooms on the GEM, including the stateroom showers, and including warning passengers regarding dangerous conditions in the stateroom showers, was part of the business of the vessel, so that all negligent acts or omissions of maintenance crew in connection with failure to warn passengers of dangerous conditions in the stateroom showers were undertaken in furtherance of the business of the vessel and were acts or omissions for which Defendant NORWEGIAN was vicariously liable.

25.    At all material times, the crewmembers responsible for stateroom maintenance on the GEM owed passengers using those staterooms, including the Plaintiff, a duty of reasonable

*Lawrence Gladstone v. Norwegian Cruise Line*
*Case No.*

care, including a duty adequately to warn passengers including the Plaintiff of dangerous conditions of which they knew or should have known in the exercise of reasonable care.

26. At all material times the crewmember/maintenance personnel in charge of the staterooms negligently failed to warn passengers including the Plaintiff of the danger posed by the unsafe water temperatures, through orally delivered or written warnings, posting of appropriate markings, signage or cones, cordoning off the dangerous area, or otherwise, and were thereby negligent.

27. As a direct and proximate result of the negligent failure to warn of the maintenance personnel handing the vessel's water temperatures in the stateroom as alleged above, for which Defendant NORWEGIAN is vicariously liable as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT III – NEGLIGENT FAILURE TO WARN (DIRECT LIABILITY)

28. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-15 above.

29. At all material times, the Defendant NORWEGIAN owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps adequately to warn its passengers, including the

*Lawrence Gladstone v. Norwegian Cruise Line*
Case No.

Plaintiff, of dangerous conditions of which it knew or should have known in the exercise of reasonable care.

30. At all material times there existed a dangerous condition in Plaintiff's stateroom of the NORWEGIAN," to-wit: the shower in the stateroom had hot scalding water coming from the faucet labeled as the cold-water faucet.

31. At all material times NORWEGIAN knew or should in the exercise of reasonable care have known of the dangerous condition of the shower in Plaintiff's stateroom.

32. Notwithstanding NORWEGIAN's actual or constructive knowledge of the dangerous condition posed by scalding hot water, NORWEGIAN failed to take reasonable measures to warn passengers including the Plaintiff of the dangerous condition through orally delivered or written warnings, appropriate markings or signage, cordoning off the dangerous area, or otherwise.

33. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

### **DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 14th day of September 2022.

*Lawrence Gladstone v. Norwegian Cruise Line*
*Case No.*

**/s/ Nicholas I. Gerson**
Nicholas I. Gerson, Esq.
Florida Bar No. 20899
ngerson@gslawusa.com
Philip M. Gerson, Esq.
Florida Bar No. 127290
pgerson@gslawusa.com
Edward S. Schwartz, Esq.
Florida Bar No. 346721
eschwartz@gslawusa.com
David L. Markel, Esq.
Florida Bar No. 78306
dmarkel@gslawusa.com
Brian M. Andino, Esq.
Florida Bar No. 119847
bandino@gslawus.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone: (305) 371-6000
Facsimile: (305) 371-5749